FILED
2013 Oct 18 PM 01:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

United States District Courts
Northern District of Alabama
Eastern Division

FILED
2013 OCT 18 A 11: 32
U.S. DISTRICT COURT
N.D. OF ALABAMA

Frankie L. Johnson, #196840

Plaintiff,

CV-13-PT-1928-E

Vs.

Case No.: _____,

Officer Joe F. Mangoine;
Capt. Carl Sanders; and
Corizen Health Care Services

Defendants.

<u>Civil Rights Complaint And A reserved
For A Trial By Jury</u>

Comes now the Plaintiff, Frankie
L. Johnson, #196840, pro se, moves
this noble court pursuant to Title
42 U.S.C. Section 1983, and also, Title
18 U.S.C. Section 242, the Plaintiff
also ardently beseeches a Trial By

Jury pursuant to U.S. Const. Amend. VII; Whereby, while the above name Defendants acted under the color of law for the St. Clair Corrections Facility, Knowingly, intentionally, and in con- sequently violated the Plaintiff's con- stitutional 8th and 14th Amendment rights; which are also in accor- dance with Ala. Code 1975, 14-03-53; therefore, in support thereof, the Plaintiff stated to-wit;

## Parties In Complaint

1.) The Plaintiff, Frankie L. Johnson, #196840, is currently confined at the St. Clair Corrections Facility; which is located at 1000 St. Clair Road. Spring- ville, Alabama, 35146, and at all times relevant to this complaint, and hereinafter described as the Plaintiff.

2) The Defendants Officer, Tue F. Mon- gine; Capt. Carl Sanders; and also, Corizen Health Care Service Provider; Can be contacted at the St. Clair Corrections Facility, which is located at 1000 St. Clair Road, Springville, Ala.

3.

35146, are relevant to the events
described hereinafter of the De-
fendant.

## Jurisdictional Authority

1.) This noble court has the juris-
diction over the Plaintiff's claims
of violations of his federally secured
rights pursuant to Title 42 U.U. e. A.
Section 1331(a), and, Title 42 U.U. C. A.
Section 1343.

2.) This noble court also has the
Supplemental jurisdiction pursuant
to Title 28 U.U. C. A. Section, over
the Plaintiff's State law claims
and deprivations of his civil rights
committed by the above named
Defendant, while they acted under
the color of law pursuant to Title
18 U.U. C. A. Section 242.

## Cognizable Claims

1.) The Plaintiff, Fankie L. Johnson,
hereby states while the Defendant,

Correctional Officer, The F. Mongione, acted under the Color of law, and while in his individual capacity a Correctional Officer for the St. Clair Correctional Facility, incompetently violated the Plaintiff's 8th Amendment rights by failing to protect the Plaintiff from assault by an inmate. Whereby, when a prison official displays deliberate indifference and a reckless disregard for the Plaintiff's safety, by incompetently failing to act reasonably in response to an inmate's imminent danger. Once he received the necessary information. Whereby, the risk of assault by a dangerous inmate upon another, such a nature and degree, and then disregard it was a gross deviation from the standard of care a Correctional Officer must exercise in response to this special relationship.

a.) The Plaintiff, Frankie L. Johnson, hereby states that while the Defendant, Captain Carl Sanders, a Correctional Facility's Custody Supervisor for the St. Clair Correctional Facility acted under the Color of law, in

his personal and individual capacity did knowingly and maliciously violated the Plaintiff's 8th Amendment right to not be subjected to cruel and unusual punishment. Where as, it has been well established, that in a case where a Correctional official who intentionally hinders a prisoner's access to immediate medical care for third (3rd) degree chemical burns. Upon which, the Defendant here in above can be held liable for the consequences of his own intentional acts and omissions when they amount to deliberate indifference. Specifically, when a Triton Correctional Supervisor keeps an inmate from receiving the appropriate medical treatment by interference with medical judgement by non-medical factors constitutes deliberate indifference to a serious medical need.

(5) The Plaintiff, Frankie L. Johnson, do hereby stated that the Condition Health Care Service provider for the St. Clair Correctional Facility, incompetently violated the Plaintiff's 8th Amendment rights, by failing to provide a medical system for treating an inmate with

third (3rd) degree chemical burn, a very serious medical need, which significantly affected the Plaintiff's daily activities that proximately caused needless substantial pain, discomfort; which resulted in unnecessary residual scarring; thus, the Corizon Health Care Service Providers failed to meet their obligations to provide the required medical care services that meet the minimal standard of adequacy; and thereby, the lack of proper administration of medical services by nursing personnel, constitutes deliberate indifference in violation of the Plaintiff's 8th Amendment Protections.

## Brief Statement of Facts

1) On September 12th, 2018, at approx. 1:00am, the Plaintiff was housed in 4-Block, 1-Side, Cell #5 at the St. Clair Correctional Facility, when the Defendant, Officer - Cue 2. Mongione knowingly and incompetently un-locked the Plaintiff's cell door from the security cube, and actively assisted the inmate,

Ron Grace #_____, the access
to the Plaintiff's cell while he was
asleep, which violated AODC policy
to allow another inmate access to
another inmate's cell specifically -
during lock-down hours, and after
Inmate - Grace threatened to do
grave Physical bodily harm to the
Plaintiff.

2.) Nonetheless, the Defendant, Officer
Mangione's actions were witnessed
by Several inmates whom were not
in their cell. thus, once Inmate
Ran Grace gained access to the Plain-
tiff's cell impermissibly; Inmate -
Grace assaulted the Plaintiff while
he was asleep; by throwing a home-
made liquefied hair-removal bomb,
which is a hair-removal shaving -
mixture that removes hair from the
facial area. thus, the deviousness
of this dangerous chemical was observed
by witnesses before the assault oc-
curred.

(3.) Moreover, it must also be noted that
the Defendant was placed on notice
by Inmate - Grace, when he directly

informed the defendant that he was going to physically harm the Plaintiff; nevertheless, the Defendant incompetently disregarded well-established ADOC operational procedures to allow an inmate access to the Plaintiff cell; specifically, when the Defendant acquired the necessary information that sufficiently placed him on notice that the Plaintiff was going to be physically harm the Plaintiff.

4.) Once the microwaved chemical was thrown on the Plaintiff, he suffered from the intense burning to his face, arms, chest, and stomach areas; thus, once the Plaintiff ran out of his cell covered in the dangerous chemical, several officers were already present, although they watched Inmate - Grace enter the the Plaintiff's cell and throw the liquefied chemical onto the Plaintiff without any intervention.

5.) Although the Plaintiff was covered in the dangerous substance, he was placed in handcuffs and takened to the facility's infirmery, the only

treatment that was administered was
a water solution to his right-eye.
that the chemical burns were not
treated by the facility's medical ser-
vice provider, and the Plaintiff was
sent back to his dorm although he
still suffered intense burning to his
skin in several areas of his body, to
which, the medical provider explained
she would not administer any medi-
cal treatment unless it was ordered by
a physician.

6.) Thereafter, the Plaintiff was placed
in the infirmary waiting cage with
several other inmates. Thereat, at apprx.
10:00 am, Correctional Officer Billy Warren
come to the facility's Sick-Cell Cage
and released the Plaintiff back to the
prison population. whereby, around
18:30 am, the Defendant, Captain, Carl
Sanders came to P-Block with Capt.
Gary Malone and locked all of the
inmates in that block in their cells.
Wherein, the Plaintiff earnestly explained
to the Defendant, Cpt. Sanders that he
need medical treatment badly, and
disclosed to the Defendant Cpt. Sanders
that his skin had come off of the

Surfaces of his skin, where the
hot chemical weapon was thrown
on him.

7.) Subsequently, the defendant, Capt.
Sanders told the Plaintiff that "he
did not give a fuck", and to "shut
the fuck up", and also ordered the
Plaintiff to turn around and handcuffed
him, and explained to the Plaintiff
that he was going to Segregation;
whereon once the Plaintiff was in
handcuffs, he was escorted by Capt.
Malone, and the defendant, Capt. Sanders
to the facility's infirmary to obtain
a body-chart, which is required be-
fore an individual is placed in lock-
up.

8.) Once at the infirmary again, the
Plaintiff, a male medical provider
conducted a body-chart and docu-
mented all of the Plaintiff's chemical
burns; thus, when the Plaintiff asked
to be treated for his burns; conseque-
ently, the defendant, Capt. Bradbert, told
the medical provider that the Plain-
tiff didn't need medical treatment, and
that he would tough it out in lock-up.

9.) Thereafter, the Plaintiff was cruelly placed in segregation without any form of medical treatment, and was not administered anything to subdue the pain from the third (3rd) degree burn to his skin.

## Plaintiffs Remedy Sought

Wherefore, the Plaintiff, Frankie L. Johnson, #196670 hereby request this noble court to grant the following relief:

Award compensatory damages in the following amount:

1.) $100,000.00 Dollars against the Defendant Correctional Officer, Joe F. Mangione for failing to protect the Plaintiff once he was aware of the imminent danger of an attack, and his failure to remedy the danger.

2.) $100,000.00 Dollars against the Defendant, Capt. Carl Vanders deliberate indifference to interfer and keep the Plaintiff from receiving medical care.

3.) $200,000.00 Dollars against the Carison Health Care Services provider for failing to adequately identify prisoners with serious medical needs, and making sure that they are diagnosed and treated.

Award Punitive Damages In The Following Amounts:

1.) $200,000.00 Dollars against the defendants each for violating the the Plaintiff's clear established constitutional rights.

Respectfully Submitted,

By: Frankie Lamont Johnson
Frankie L. Johnson, #196870
St. Clair Correctional Facility
1000 St. Clair Road
Springville, Ala. 35146.

Signed on this 10th day of 14 2013.

Please see attached affidavits.

STATE OF ALABAMA )
)
ST. CLAIR COUNTY )

## AFFIDAVIT

Before me, the undersigned Notary Public, personally appeared Ronnie Miller, who being known to me and after first being duly sworn, deposes and says as follows:

My name is Ronnie Miller, and I am over the age of majority and competent to testify to these facts in any court of law.

On Sep 12 2013 at 1:30 AM I inmate Ronnie Miller #244610 was up that morning when I saw inmate Ray Grace pacing the floor in B-Block 1 side inmate Ray Grace was pacing from his cell to the microwave then inmate Ray Grace went to the cube and told officer Mangine to opening p-5 cell, then poss officer Mangine notice then went back to the microwave and waited it until the officers showed up out side the block then he grab the cup cut the microwave and run in inmate Frankie L. Johnson cell why the officers was coming in the block, when I heard some yelling that when I realize what was going on. when Ray Grace run back at inmate Johnson cell grabing a sock cut his pocket with a weapon inside it that's when the officers up those sticks, and told inmate Ray Grace to lay down, that's when inmate Johnson was coming out his cell with hot shaving powder all over him yelling then the officers told inmate Johnson to lay down on the floor last inmate Frankie Johnson kept telling the officers that he need to get this shaving powder out of his eye, the officers just kept telling him to get on the floor and when he did, the officers place hand cuff on both inmates and told them out the block.

Ronnie Miller
Signature of Affiant

### Acknowledgement

SWORN TO AND SUBSCRIBED before me, in person, a Notary Public, on this 11th day of October, 2013

Malania W. Poe
Notary Public

4-29-2015
Commission Expires

Franklin, Lamont Johnson # 196870 P. 2 side 32 cell
St. Clair Correctional facility
1000 St. Clair Road
Springville, Ala. 35146

SECURITY

United States District Court
Hugo L. Black Courthouse
1729 5th Avenue North
Birmingham, Ala. 35203-2037

U.S. DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
OCT 18 2013

Legal mail