FILED
2014 Oct-29  AM 10:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

United States District Court
Northern District Of Alabama
Eastern Division

FILED
2014 OCT 27  P 12: 16
U.S. DISTRICT COURT
N.D. OF ALABAMA

Frankie L. Johnson, #196870
   Plaintiff,

Vs.                              Case No.: CV-1928-WMA-SGC.

Officer, Joe F. Manguine, et. al
   Defendants.

Plaintiff's Motion To Amend His
Complaint Pursuant To Rule 15, Fed. R. Civ. P.

   Comes now the Plaintiff, Frankie L.
Johnson, #196870 who be respectfully
moves this court Pursuant to Rule
15.(a), Fed. R. Civ. Proc., and avers this
noble court to allow him to amend
his initial Civil Complaint and ori-
ginal pleadings, State the following
material facts, and asserts to-wit:

Plaintiff 's Cognizable Amended
<u>Constitutional Grounds For Relief</u>

The <u>Plaintiff</u>, Frankie L. Johnson
hereby <u>Cognizabl</u> contends that while
the <u>Defendant Correctional Officer-Newcomb</u>
<u>acted under the color of law</u>, in his
<u>individual capacity</u>, for the St. Clair
<u>Correctional Facility</u>, <u>Knowingly</u> and
<u>incompetently</u> violated the Plaintiff's
<u>8th Amendment Constitutional Right</u>
to <u>protection from inmate assaults</u>;
whereupon, the <u>Defendant Knew of the</u>
<u>danger</u>, or <u>where the threat of</u>
<u>violence was so pervasive</u>, that
the <u>Defendant's Knowledge can be</u>
<u>inferred</u>; whereas, the Defendant -
<u>incompetently failed to take the -</u>
<u>necessary steps</u> which <u>may have pre-</u>
<u>vented the harm</u>; thereby, the risk
of such a nature and degree here,
and to disregard it; was a gross
deviation from the <u>Standard of Care</u>
a <u>Correctional Officer should have</u>
<u>exercised in this situation.</u>
<u>Gardner v. Cato</u>, 841 F.2d 105, 107 (5th Cir.
1988)

## Brief Statement Of Facts

1.) As to the matters that relate back and the original complaint, Officer, Joe F. Mangoine was inadvertently named as a Defendant whom, was assigned as the designated Correctional Officer who was stationed in P-Dorm's Cubicle Control Tower on September 12th, 2013.

2.) On the above mentioned date at approximately 1:00 a.m. during the facility's population lock-down hours, the Defendant, Officer-Newcom, was the designated P-Dorm Cube Officer whom controls the locking mechanisms to all of the individual cells in the Cellblock; whereas on the above mentioned date and time, Inmate, Ray Grace was outside of his assigned cell without authorization pacing the cellblock's upper and lower levels back and forth.

3.) Accordingly, Inmate-Ray Grace approached the security cube according to eyewitnesses, and threaten to do serious bodily harm to the

Plaintiff; herewith, Inmate-Grace continued to ace the cellblock, and also proceeded to the Cellblock's microwave and heated a homemade chemical bomb. Specifically, immediately after Inmate-Grace heard the locking-mechanism released on the Plaintiff's assigned cell's door, in haste, rushed into the Plaintiff's cell while he was still asleep.

4.) After Inmate-Grace entered the Plaintiff's cell; he assaulted the Plaintiff by throwing the liquefied homemade hair-removal bomb onto the Plaintiff; Whereupon, the mixture caused extreme chemical burns to the Plaintiff's face, arm, chest, and stomach areas; nonetheless, the Plaintiff was awakened from the intense burns from the liquefied chemical bomb and fled his assigned cell covered in the homemade chemical, which the Defendant-Newcomb incompetently exposed the Plaintiff to a known risk of violence that was affected by Inmate Grace's

5.

Which the Defendant, Officer Newcomb breach his duty imposed upon him to protect the Plaintiff and deprived him of the security which he was entitled to even that, Officer Newcomb Knew that Inmate-Grace by his admission, owed a significant threat and danger to the Plaintiff's safety.

5) Finally, immediately once the Plaintiff exited his cell screaming in pain and a cry for help; Officer-Newcomb called a Code, and several officers entered the cellblock, and arbitrarily placed handcuffs on the Plaintiff and escorted him to the facility's infirmary.

Therefore, the Plaintiff, Frankie L. Johnson request that the above forgoing motion to amend the complaint be granted as a matter of course, and pursuant to Rule 15 (c) Fed. R. Cv. Proc., and also, Younger V. Chernovetz, 792 F. Supp. 173, 176 (D. Conn. 1992), and Doe V. Calumet City, Ill., 128 F.R.D. 93, 94-95 (N.D. Ill. 1989).

By Frankie Johnson
Frankie L. Johnson